### GEORGE RUBIN, Plaintiff/Appellant
### v.
### RANDALL S. JOHNS, Defendant/Appellee

D.C. Civil No. 1985/199

Terr. Ct. Civil No. 1982/215

District Court of the Virgin Islands

Div. of St. Croix

January 27, 1986

Russell B. Johnson, Esq., St. Croix, V.I., *for the plaintiff/appellant*

Randall S. Johns, Esq., St. Croix, V.I., *defendant/appellant, pro se*

Christian, *Presiding Judge*, O'Brien *District Judge*, and Feuerzeig, *Territorial Court Judge*

## OPINION

### PER CURIAM

In this appeal we decide whether an oral order by the trial judge to a litigant setting a trial date, at which he did not appear, was sufficient to meet due process notice requirements. Because we hold that the notice was adequate, and the judgment entered thereafter was not void, we reverse the Territorial Court order which declared it void.

## I. FACTS

Appellant ("Rubin") filed a complaint in Territorial Court against the Appellee ("Johns") claiming a debt due of $1,500. Johns answered and counterclaimed for a total of $65,000, and asked for a jury trial on all issues. Rubin resides in the mainland United States. Johns is a lawyer practicing in St. Croix, who represented himself at this stage of proceedings.

After discovery and various pre-trial motions, Rubin's counsel and Johns, on his own behalf, appeared on September 20, 1982, before Hon. Raymond L. Finch for trial. The matter was continued, however, and the parties were ordered by the judge to appear for trial on November 18, 1982, as the Record of Proceedings indicates, "on all the merits".

Johns concedes that he was present in court on September 20, 1982, when the judge ordered him to appear for trial on November 18, 1982.

On October 4, 1982, Johns moved to dismiss Rubin's complaint for failure to comply with discovery requests. While denying dismissal the court did enter an order, in anticipation of the trial, barring Rubin from presenting certain documentary evidence.

On October 27, 1982, Johns sent a letter to Rubin's attorney informing him that if certain settlement demands were not met before November 5, 1982, "I will have no other choice but to proceed to trial on November 18, 1982."

Johns also contended in oral argument, but without supporting affidavits or other evidence, that his secretary had contacted the office of the Clerk of Territorial Court, and was informed that the case was not on the November 18th calendar prepared by that office. Since Rubin does not contest this assertion, and it was made by Johns, an attorney, as a representation of an officer of the court, we will accept it as true for the purposes of this opinion. Conversely, it is also true that Johns made no attempt to reconcile the confusion on a scheduling with either the trial judge or his opposing counsel. He simply chose not to appear.

On November 18, 1982, Rubin was present with his attorney. Upon Johns' failure to appear, the case proceeded to trial before the court, with Rubin obtaining a favorable judgment in the amount of $1,594.00 plus attorney's fees and costs. The counterclaim of Johns was dismissed.

Judgment was formally entered on November 22, 1982. It was not appealed. On December 23, 1982, Johns, having retained co-counsel, moved for relief from the judgment. It appears from the language of the motion that Johns was proceeding under Fed. R. Civ. P. 60(b)(1), citing his own mistake, inadvertence, surprise, or excusable neglect.

His argument on this motion was that, notwithstanding the fact he was in court and received actual notice of the trial date, the normal procedures of Territorial Court in sending out notices were not complied with, and thus he should be excused from his failure to appear.

On April 18, 1983, Territorial Court Judge Finch denied Johns' motion, citing the fact that the Record of Proceedings of September 20, 1982, indicates that Johns "was in court on that day and was given notice that November 18, 1982, was the date set for trial . . . ."

On April 28, 1983, Johns appealed that order to the District Court, but on December 1, 1983, his appeal was dismissed for lack of prosecution.

The matter remained dormant until the spring of 1985 when Rubin sought to enforce his judgment. After several unsuccessful efforts to locate assets of Johns, he obtained an order to examine Johns as a judgment debtor. This triggered a motion from Johns, once again acting pro se, to vacate the November 22, 1982, judgment as void. He argued in one paragraph that he was not given a reasonable method of notification of the November 18, 1982, trial date, and in another paragraph that, through no fault of his own, he "was ignorant of the trial date . . . ."

At the June 20, 1985, hearing on Johns' motion, following an outburst from Johns, Judge Finch elected to recuse himself and the matter was assigned to Territorial Court Judge Alphonso A. Christian.

He heard argument on the motion, and on June 27, 1985, filed his Memorandum Opinion and Order. He treated Johns' motion as timely made under Fed. R. Civ. P. 60(b)(4) to vacate the judgment as void. The court found that the judgment was void, on the ground that Johns had been deprived of due process, especially since he was denied the trial by jury he had demanded.

Rubin appealed from the order vacating the judgment.

## II. SCOPE OF REVIEW

A motion for relief from a judgment under Fed. R. Civ. P. 60(b) is an extraordinary remedial procedure and the order of a trial court will be set aside only upon a showing of abuse of discretion. If the basis for the motion is under Rule 60(b)(4) that the underlying judgment is void, it is necessary to evaluate the validity of that judgment in reviewing the order with respect to

it. If the judgment is void, as the Territorial Court found, then relief in favor of Johns is mandatory. If it is not, however, an appellate court can readily reverse a lower court that has erred as a matter of law. 11 C. Wright and Miller, FEDERAL PRACTICE AND PROCEDURE CIVIL § 2872 (1973). V.T.A. Inc. v. Airco, Inc., 597 F.2d 220, 224–25 (10th Cir. 1979). Also see Hodge v. Hodge, 621 F.2d 802, 804–05 (3d Cir. 1980).

Essentially then, our review is limited to determining whether the underlying judgment was void, as Johns claims and the Territorial Court eventually found, because Johns was denied due process. What is not before us is the question of whether the court abused its discretion in denying Johns' original motion under Fed. R. Civ. P. 60(b)(1) because of his mistake, inadvertence or excusable neglect. Johns never appealed from the original judgment, and never prosecuted his appeal from the denial of that motion.

## III. DISCUSSION

We deal in this case not with a situation where no notice of any kind was given. Rather, the question is whether the notice which was given to Johns was adequate to conform with his right to due process. There is no question that the notice requirements of the office of Clerk of Territorial Court embodied in its Procedures Manual were not followed. What we have is a direct order by the trial judge, in open court, at a time when Johns was present, that the parties appear before him on November 18, 1982, for a trial on the merits as to all issues.

The due process rights a litigant enjoys were well defined by the Supreme Court in Boddie v. Connecticut, 401 U.S. 371, 377–78 (1970). The court held:

> Prior cases establish, first, that due process requires, at a minimum, that . . . persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard . . . .
>
> Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits. A State can, for example, enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance . . . . The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings. That the hearing required by due process is subject to

waiver, and is not fixed in form, does not affect its root requirement that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest. (Emphasis in opinion.)

The Restatement (Second) of Judgments, Section 2, comment d, page 38, points out that "the more discerning cases have recognized that the requirement is adequate notice and that it is fulfilled by actual notice whose tenor indicates that it ought to be taken seriously."[1]

■■ We hold that actual notice given, by a trial judge, in open court, to a litigant who is present, that a trial on the merits of all issues would take place on a specific date, satisfies the due process requirements. We take this view notwithstanding that the notice requirements contained in the Procedures Manual of the Territorial Court were not conformed with. The actual notice of the trial date given by the trial judge was never rescinded. A cancellation, continuance, or postponement of any kind of the trial date fixed by the judge, can only be granted by that judge. Johns as an attorney was even more aware of that than a layman. See Commerce Union Bank v. Inquipco, Inc., 515 S.W.2d 651 (C.A. Tenn. 1973), cert. denied, S.C. Tennessee, 1974, cert. denied, 419 U.S. 896 (1974).

Restatement (Second) of Judgments ¶ 3 provides that

When the actual notice of an action has been given, irregularity in the content of the notice or the manner in which it was given does not render the notice inadequate.

We perceive this to apply even more forcefully when what is involved is not notice of the commencement of the action, such as service of process, but rather actual notice of one of the ongoing steps in the litigation, such as fixing the trial date. It must be remembered that a void judgment must be distinguished from an erroneous, or voidable judgment. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed. Only in the rare instance of a clear usurpation of power will a judgment be rendered void. Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972); 7

---

[1] 1 V.I.C. § 4 provides that the rules of common law, as expressed in the restatements of the law approved by the American Law Institute, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

Moore's Federal Practice 60.25. See also United States v. Manos, 56 F.R.D. 655, 659 (S.D. Ohio 1972).

■ It should be recognized that the due process requirements in a civil case where only property interests are at stake are, of course, much less stringent than in a criminal case involving life and liberty interests. Ordinarily what is required in a civil case is proper notice and service of process and a court of competent jurisdiction. Procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack. Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1027 (5th Cir. 1982).

■ Johns also argues that he was deprived of his constitutional right to a trial by jury. It is true that he made a proper jury demand as to all issues. If he had appeared when ordered by the trial judge, he would have been entitled to trial by jury. But such a right can be waived by a default in appearance. The right to a jury trial, once demanded, must be exercised. Bass v. Hoagland, 172 F.2d 205, 208–09 (5th Cir. 1949). We view the failure of Johns to appear as a waiver, insofar as his constitutional right to a jury trial is concerned. In his absence, with consent of the appearing party, a bench trial was held on plaintiff's claim and Johns' own counterclaim was dismissed.

## IV. CONCLUSION

The order of the Territorial Court which vacated the judgment entered on November 22, 1982, will be vacated, and the original judgment will be reinstated.

## JUDGMENT

The Court having filed its Opinion of even date herewith, and being otherwise fully advised in the premises, it is

ORDERED, ADJUDGED and DECREED

THAT the Judgment of the Territorial Court dated June 27, 1985, is REVERSED and VACATED, and the Judgment of the Territorial Court dated November 22, 1982, is REINSTATED.