**MEDINA HENRY, Appellant/Defendant**
**v.**
**CECILIA DENNERY, Appellee/Plaintiff**

S. Ct. Civ. No. 2010-0027

Supreme Court of the Virgin Islands

December 29, 2011

MEDINA HENRY, St. Thomas, USVI, *Pro se*.

GREGORY A. THORP, ESQ., The Bornn Firm, PLLC, St. Thomas, USVI, *For Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(December 29, 2011)

CABRET, J. Cecilia Dennery and Medina Henry entered into an agreement for Henry to stay in an apartment owned by Dennery. However, soon after the parties made the agreement, Dennery changed her mind and asked Henry to leave. Henry refused to leave, prompting Dennery to file a forcible entry and detainer ("FED") action to evict Henry. The Superior Court assigned the case to a magistrate, who dismissed the FED action after finding that Dennery did not provide Henry with sufficient notice to vacate the premises. Dennery later filed another FED action, which was assigned to another magistrate and resulted in an order evicting Henry from the premises. Henry appealed that decision to the Superior Court. The Superior Court held a trial *de novo*, and upheld the magistrate's decision. Henry now appeals the Superior Court's decision arguing, amongst other things, that she did not receive notice of the trial before the Superior Court. Because Henry did not receive proper notice of the Superior Court's trial *de novo*, we reverse the Superior Court's decision.

## I. FACTS AND PROCEDURAL HISTORY

This case comes before the Supreme Court having been heard three different times, twice before magistrates and once before a Superior Court judge. We summarize each of the trials in turn.

Dennery initiated the first case by filing an FED action with the Superior Court on August 3, 2009. The case was given a Superior Court designation of "ST-09-CV-365," assigned to a magistrate, and heard on August 25, 2009. (Supp. App. 2.) At that hearing Henry and Keith Snell testified. Snell manages the property for Dennery and handles any landlord/tenant issues arising from the property pursuant to a power of attorney granted to Snell from Dennery. Dennery, who resides in the mainland United States, did not attend the hearing.

Based on the evidence presented, the magistrate found that "the parties did not enter into a written lease" and "that . . . Dennery never charged . . . Henry any rent for staying [in the apartment]." (Supp. App. 69.) The magistrate further found that, on June 30, 2009, Snell served Henry with a notice to quit, giving Henry thirty days to vacate the property. Based on these findings of fact, the magistrate concluded that Henry was a tenant at will, which pursuant to title 28, section 752 of the Virgin Islands Code, entitled Henry to three months' notice to quit. Because Henry received a notice to quit giving her only thirty days to vacate the property, the magistrate reasoned that Henry was not provided with proper notice. Accordingly, the magistrate dismissed the matter without prejudice.

On August 31, 2009, Dennery filed a motion for reconsideration of the magistrate's order dismissing the case. On October 14, 2009, while the motion for reconsideration was still pending, Dennery served Henry with a second notice to quit, once again giving Henry thirty days to vacate the premises. Then, on November 18, 2009, while the motion for reconsideration remained pending, Dennery filed a second FED action with the Superior Court. The second case was given a Superior Court designation of "ST-09-CV-561," assigned to a different magistrate than the one to whom the first FED action was assigned, and was heard on December 16-17, 2009. (Supp. App. 75-151.)

At the hearing for the second FED action, Dennery, Henry, and Snell all testified. At the close of testimony, the magistrate reviewed the requirements of an FED action, determining that in an FED action, the court cannot "adjudicate a right of possession that depends on an equitable interest in the premises. . . ." (Supp. App. 144.) The magistrate construed Henry's argument to be that she had an equitable interest in remaining on the property under an employment relationship and therefore the court had to determine whether it could resolve such a question in an FED action. Based on the evidence, the magistrate

concluded that "even if there was an arrangement that Miss Henry would provide services in exchange for living quarters, that would not give Miss Henry a right to possession." (Supp. App. 145.) The magistrate reasoned that "there must be more than simply the testimony of the parties to establish [a] bona fide dispute" as to whether Henry had a right to possess the property. (Supp. App. 145.) In making this conclusion, the magistrate found Dennery's testimony to be more credible than Henry's "with respect to the circumstances surrounding the arrangement between the parties that led to . . . Henry taking up occupancy." (Supp. App. 145-46.) Therefore, the magistrate awarded restitution of the premises to Dennery. The magistrate stayed execution on the writ of restitution until December 31, 2009.

Henry appealed this decision to the Superior Court on December 17, 2009 arguing that she received insufficient notice to quit the premises. Henry also requested a "stop with [the] case," because the judgment conflicted with the first FED hearing. (Mtn. to Stay Writ of Restitution 1, Dec. 30, 2009.) The magistrate construed this as a motion for a stay of judgment pending her appeal and on January 4, 2010, ordered that execution of the judgment be stayed pending appeal, so long as Henry posted a $600.00 bond with the court. Thereafter, on January 25, 2010, the magistrate from the first FED hearing finally denied Dennery's motion for reconsideration of the order denying restitution in the first case, reasoning that the grant of restitution in the second case mooted the issue.

On appeal, the case was assigned to a Superior Court judge who set it for hearing on March 11, 2010. Only Dennery appeared at the hearing. The court noted that Henry was not present and was not found for service. Specifically, the court stated: "The Order setting this case down for today, March 11th, at 9:30, was given to the Marshal to serve on Ms. Henry and the notation is that she was not found for service." (Supp. App. 155.) The court, reading the notation on the return of service stated, "'Inspection made at this time [and] 10-22 Mariendahl is an empty lot.'" (Supp. App. 155; Return of Serv. 1, Feb. 19, 2010.) The court added that ordinarily a lack of service would foreclose the case from moving forward. However, instead of postponing the hearing, the court asked whether there was any evidence that Henry knew about the hearing. In response to this inquiry, Dennery's attorney, without being sworn in as a witness, told the court that he visited the property two days before the hearing to serve Henry with a copy of the notice for the time and date of the hearing and a motion

for Dennery to appear at the hearing telephonically. The gate to enter the property was locked, so the attorney "left the letter in the door." (Supp. App. 156.) The attorney stated that he then called Snell, who visited the property that evening and "confirmed that [Henry] had gotten the stuff from the door that [the attorney] had stuck there." (Supp. App. 155.) Specifically, Dennery's attorney said that while he was on the phone with Snell, he could hear a conversation between Snell and Henry. When the conversation sounded like it would grow into a heated exchange, the attorney instructed Snell to verify that Henry had received the notice and the motion for telephonic participation and then to leave the property. According to Dennery's attorney, Snell verified that Henry received the notices and then left the property. Snell did not testify at the hearing. Based on the representations of Dennery's attorney, the court determined that Henry had actual notice of the hearing.

The sole witness to testify during the hearing was Dennery. Based on Dennery's testimony, the court made findings of fact and conclusions of law which were later memorialized in its March 25, 2010 Memorandum Opinion and Order. The court found that the parties orally agreed that Henry could rent part of the home located at 10-22 Estate Mariendahl in exchange for $300.00 a month in cash and $200.00 a month in services. The court also found that shortly after agreeing to rent Henry the apartment, Dennery realized she made a mistake and "sought restitution of her premises." (Supp. App. 200.) Dennery tried to convince Henry to leave by providing her cash, but Henry refused to leave the premises, so Dennery served her with a thirty day notice to quit the property.

Applying the applicable landlord/tenant law to these factual findings, the court concluded that Henry was a month-to-month periodic tenant, which required Dennery to provide Henry with thirty days notice to terminate the tenancy. The court noted that Dennery served Henry with notice to quit on October 14, 2009, which required Henry to leave the premises by November 15, 2009. Because Henry received adequate notice that her lease had been terminated and nevertheless retained possession of Dennery's property, the court held that Dennery was entitled to restitution of her premises.

Following the entry of the Superior Court's decision, Henry sent a handwritten letter to the Presiding Judge of the Superior Court asking for a hearing, because she did not receive notice of the date of her appeal hearing before the Superior Court and because she was not a tenant of the

property. The Superior Court construed this as both a motion to set aside the judgment and as a notice of appeal to the Supreme Court. The court denied the motion to set aside the judgment and entered the notice of appeal. Because the Superior Court's judgment was entered on March 30, 2010 and Henry did not file her notice of appeal until May 4, 2010, her appeal would normally be time barred. *See* V.I.S.CT.R. 5(a)(1). In fact, the Superior Court noted that Henry's notice of appeal appeared to be late, but nevertheless docketed the notice of appeal, reasoning that "it is properly the province of the Supreme Court to enforce its own Rules." (Supp. App. 211.)

The issue came to the attention of this Court when Dennery filed a motion to dismiss Henry's appeal. Dennery argued that we lacked jurisdiction to hear the case, because Henry's notice of appeal was untimely. We refused to dismiss the matter and instead remanded the case to the Superior Court to determine whether Henry filed within Supreme Court Rule 5(a)(8)'s thirty-day excusable neglect period.[1] In doing so, we instructed the Superior Court to construe a handwritten letter dated May 17, 2010 that Henry sent to the Superior Court as a motion to extend the time to file a notice of appeal. On remand, the Superior Court found that Henry's delay in filing was excusable neglect, and pursuant to Supreme Court Rule 5(a)(8), extended the deadline for her to file her notice of appeal to May 7, 2010. Therefore, Henry's appeal was timely filed.

## II. JURISDICTION AND STANDARDS OF REVIEW

We have jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which vests the Supreme Court with jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court."

The standard of review for our examination of the Superior Court's application of law is plenary, while the Superior Court's factual findings are reviewed only for clear error. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I 322, 329 (V.I. 2007). Plenary review means applying the same legal standard as the trial court to the same record. *See Stevens v. People*, 52 V.I. 294, 304 (V.I. 2009). In reviewing findings of

---

[1] Supreme Court Rule 5(a)(8) provides that "The Superior Court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than thirty days after the expiration of the time prescribed by this Rule 5(a)."

fact for clear error we reverse if "the trial court's determination was 'completely devoid of minimum evidentiary support' or . . . it 'bears no rational relationship to the supportive evidentiary data.' " *Hodge v. McGowan*, 50 V.I. 296, 316 (V.I. 2008) (quoting *Daniel*, 49 V.I. at 329).

## III. DISCUSSION

On appeal, Henry argues that (1) she did not receive notice of the March 11, 2010 hearing held by the Superior Court, (2) the Superior Court erred by not considering the magistrate's ruling from the first FED action, (3) the magistrate's ruling in the first FED action gave Henry "permanent and lawful rights to remain living on the premises," and (4) the Superior Court's factual findings regarding her tenancy were clearly erroneous.[2]

### 1. Henry did not receive proper notice of the March 11, 2010 trial.[3]

Henry argues that she was not served with notice of the Superior Court's March 11, 2010 hearing prior to the hearing and did not receive actual notice of the hearing until March 19, 2010. The Superior Court found that Henry was not served with the court's February 19, 2010 Order scheduling the hearing for March 11, 2010. However, the court also concluded that Henry received actual notice of the hearing, because Dennery's attorney told the court that "[e]arly in the week of the trial" he left a motion for Dennery to participate in the trial telephonically, which stated the date of the trial, in the door of the house in which Henry lived, and the same day he left the motion, he called the property manager and while on the phone with the property manager he heard Henry tell the property manager that she received the motion.[4] (Supp. App. 202-03.)

---

[2] Henry also argues that the March 25, 2010 order from the Superior Court affirming the magistrate's grant of restitution to Dennery was never served upon Henry and thus she was unable to effectuate a timely appeal. However, Henry admitted that she received the order on May 3, 2010. Moreover, the Superior Court ruled that Henry could proceed with this appeal even though she filed her notice of appeal more than thirty days after the entry of the Superior Court's order. As Henry admits that she received the order and was allowed to proceed with her appeal of that order, there is no need to address this argument.

[3] Because we conclude that Henry did not receive proper notice of the March 11, 2010 trial, we decline to consider Henry's other arguments.

[4] Although the Superior Court correctly noted that Dennery's attorney said that he left a copy of his motion for Dennery to participate in the trial telephonically at Henry's residence, he

Based on this finding of actual notice, the Superior Court proceeded to hold the hearing even though Henry did not appear.

To determine whether Henry received proper notice of the March 11, 2010 hearing, we begin by reviewing the record for evidence of notice as well as the Superior Court's reasoning for finding that Henry had actual notice. On the day of the hearing Dennery appeared telephonically and her attorney appeared in person, but Henry did not appear. Before the trial began, the court read a return of service, which was signed by a Marshal and indicated that, on March 14, 2010, the Marshal unsuccessfully attempted to serve Henry notice of the hearing.[5] Nevertheless, the court found that Henry had actual notice of the trial and held the trial despite Henry's absence. The court based its finding of actual notice upon representations made by Dennery's attorney that he left notice of the hearing outside Henry's apartment and that Snell verified Henry's receipt of this notice. However, Dennery's attorney was not under oath at the time he made these representations, Snell did not testify at the hearing, and no one presented anything else regarding whether Henry received actual notice. Yet, the court found the attorney's representations to be dispositive evidence that Henry received actual notice of the trial.

■ Generally, due process requires that all litigants be given notice and an opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). As this Court has previously stated,

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably cal-culated, under all the circumstances, to apprise interested parties of the pendency of the action and [to] afford them an opportunity to present their objections. The notice must be of such nature as reasonably to

---

also said that he left "a copy of the notice for [the] hearing." (Supp. App. 156, 160.) Addi-tionally, Dennery's attorney did not state that he heard Henry tell the property manager that she had received the motion. Rather, Dennery's attorney said that he could hear the property manager's conversation with Henry, he instructed the property manager to verify that Henry received the notice and motion for telephonic participation, and the property manager "veri-f[ied] that [Henry] had received the notice[] and the telephonic participation motion. . . . " (Supp. App. 158.)

[5] The court's post trial Memorandum and Order repeated the court's finding that "Henry was not served with the Court's February 19, 2010 Order scheduling this matter." (Supp. App. 202.)

convey the required information . . . and it must afford a reasonable time for those interested to make their appearance.

*Gore v. Tilden*, 50 V.I. 233, 239 (V.I. 2008) (quoting *Mullane*, 339 U.S. at 314). Accordingly, when a defendant receives actual notice of an action in time to give him an opportunity to present his objections, that notice, however provided, meets the requirements of due process. *See Rubin v. Johns*, 109 F.R.D. 174, 177-78, 22 V.I. 194 (D.V.I. App. Div. 1986) (finding actual notice of date of trial satisfies the due process requirements).

 In this case, the Superior Court determined that Henry received actual notice of the trial two days before it began. Although two days' notice to prepare an adequate defense and appear at trial is quite short, we need not decide whether Henry's due process right to notice would have been satisfied if she received actual notice of the hearing two days before the trial, because the record lacks any admissible evidence that Henry received any notice.[6] The only proof that Henry received actual notice of the trial came from the unsworn representations of Dennery's attorney, and unsworn representations of an attorney are not evidence.[7] *See In re Guardianship of Holly*, 2007 OK 53, 164 P.3d 137, 143 (2007) ("Unsworn, in-court statements by attorneys acting as advocates are not evidence."); *Scott v. State*, 922 So.2d 1024, 1027 (Fla. Dist. Ct. App. 2006) (explaining that it is "well-settled that representations by an attorney for one of the parties regarding the facts . . . [do] not constitute evidence) (citation and quotation marks omitted); (Supp. App. 156-60.). *See also Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) ("Normally, an attorney's statements must be under oath to be considered evidence."). Because the Superior Court's conclusion that Henry had actual notice was devoid of the minimum necessary evidentiary support, we hold that the Superior Court clearly erred by finding that Henry had actual notice of the hearing.

---

[6] In many cases, two days' notice of a pending action will not be sufficient notice to satisfy a defendant's due process rights. However, the trial at issue here is a summary FED action, which provides a defendant with, at most, three days' notice before the defendant must appear and "show cause why a judgment of dispossession should not be entered against him." *See* 28 V.I.C. § 785.

[7] We have no occasion in this appeal to address those instances in which the opposing party *accepts* an attorney's representation of fact for purposes of making the record in a particular case, or to comment upon the evidentiary, estoppel, or issue-preclusion effects of *admissions* made by a party's counsel during a hearing or trial.

## IV. CONCLUSION

The Superior Court erred by holding a trial *de novo* without Henry, because Henry did not receive proper notice of the trial. Accordingly, the Superior Court's March 25, 2010 Memorandum Opinion and Order is reversed and the matter is remanded to the Superior Court for proceedings consistent with this opinion.