**ROBIN WESSINGER, Appellant/Plaintiff**

**v.**

**KENT WESSINGER, Appellee/Defendant**

S. Ct. Civ. No. 2011-0089

Supreme Court of the Virgin Islands

March 21, 2012

A. JEFFREY WEISS, ESQ., A.J. Weiss & Associates, St. Thomas, USVI, *Attorney for Appellant.*

SHARON EICHNAUER-SCHOENLEBEN, ESQ., St. John, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

**OPINION OF THE COURT**

(March 21, 2012)

HODGE, *Chief Justice*. Robin Wessinger appeals from an interlocutory order entered by the Family Division of the Superior Court of the Virgin

Islands on August 26, 2011, which denied her request to modify a temporary custody arrangement in which she shared physical custody of her minor son with her husband, Kent Wessinger, during the pendency of their divorce proceeding. Because the trial court failed to provide any findings in support of its decision, or otherwise explain its reasoning, we vacate the Order and remand the case for further proceedings consistent with this Opinion.

## I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

Robin Wessinger ("Robin" or "Appellant") filed a Petition for Divorce from Kent Wessinger ("Kent" or "Appellee") on November 6, 2009. On April 7, 2010, Kent filed an emergency motion to obtain sole legal and physical custody of the parties' three minor children. That motion was never decided. Later that month, the trial judge referred the parties to mediation. Then, on September 1, 2010, the judge *sua sponte* issued a temporary restraining order ("TRO"). (J.A. 21-24.) That Order prohibited both parties from "[r]emoving the. children from the Virgin Islands" or "[d]isrupting or withdrawing the children from the school or day-care facility where the children are presently enrolled" without either the written agreement of both parties or a Superior Court Order. (J.A. 21.) It also prevented them from "changing the children's current place of abode." (*Id.*) The Order stated that the TRO would become a preliminary injunction fourteen days after it was issued if the parties did not object to it, which neither of them did. (J.A. 24.)

On June 10, 2011, the trial court approved a summer visitation schedule regarding the parties' youngest child. (J.A. 255-56.) The schedule essentially split the parties' custody of the boy over the summer. (*Id.*) It stated that Robin would have custody of the son from August 14-21, 2011, but it did not specify who would have custody of him after August 21. (*Id.*)

On June 14, 2011, Robin filed a "Motion to Terminate Joint Custody Arrangement and Amend and Modify the [September 1, 2010] Injunctive Relief Order." (J.A. 25-40.) In that Motion, she requested that the court end the temporary joint custody arrangement regarding the youngest child. (*Id.*) The Motion stated that Kent "has been found to have committed repeated acts of domestic violence against [Robin] and was held in contempt of Court by [a Superior Court Magistrate] as a result of his continued violations of the January 20, 2010 Domestic Violence

Restraining Order, which is in itself an act of Domestic Violence (*see* 16 V.I.C. § 91(b)(14))."[1] (J.A. 25.) For these reasons, Robin argued, it was in the best interests of the son that she have sole custody of him. (*Id.*) She also requested that the September 1, 2010 injunction be amended so that she could enroll the son in school in St. Croix. (J.A. 25-26.) Kent responded with a "Counter-Motion for Sole Legal and Physical Custody" on July 20, 2011.

The court had not ruled on Robin's June 14, 2011 Motion when on August 15, 2011, Robin filed an "Emergency Motion to Grant Minor [Child's] Letter Request to be Allowed to Live with his Mother on St. Croix and to Allow Plaintiff to Register Him in School on St. Croix." (J.A. 258-64, hereinafter "Emergency Motion to Relocate.") With that Motion, Robin submitted to the court a letter, apparently written by the child, which indicated that the child wanted to stay on St. Croix with his mother. (*Id.*) The trial court did not rule on this Motion until August 26, 2011.

On August 26, 2011, Kent filed a "Motion for Return" of the minor son. (Supplemental Appendix ("S.A.") 4-6.)[2] In that Motion, Kent stated that Robin "refused" to return the son on August 21, 2011, and that Robin claimed she could not do so "because of the storm." (S.A. 4.) He noted that classes at the child's current school in St. John were scheduled to begin on September 6, 2011. (S.A. 5.) He alleged that Robin was refusing to allow him to have contact with the child, despite the parties' pre-existing mutual agreement that the parties alternate their custody of the child every other week. (S.A. 5.) All of Kent's assertions were made

---

[1] Robin filed a Domestic Violence Complaint against Kent on January 8, 2010, and a hearing was held before the Magistrate Division on January 14, 2010. (J.A. 42-90.) At the hearing, the Magistrate Judge found that Kent had engaged in "a pattern of conduct demonstrated on January 6, 2010 that constitutes harassment." (J.A. 86.) On January 22, 2010, the Magistrate Judge entered a written permanent restraining order, which would terminate within twelve months, based on the findings made orally on the record at the January 14, 2010 hearing. (J.A. 92-95.) Although the statute was not cited by the Magistrate Judge either at the hearing or in his written order, harassment of a spouse constitutes domestic violence under section 91(b)(10) and 91(c) of title 16. V.I. CODE ANN. tit. 16, §§ 91(b)(10), (c) (1996). On February 4, 2011, the Magistrate Judge extended the PRO to January 20, 2013. (J.A. 267-69.)

[2] Although Rule 24(c) of the Rules of the Supreme Court requires that "[t]he pages of the appendix shall be clearly and sequentially numbered," Kent did not number the pages of his Supplemental Appendix.

in the Motion and not in a sworn affidavit or in some other form of admissible evidence.

Before Robin could file any opposition to Kent's Motion, and without holding an evidentiary or any other kind of hearing, the court ruled on both Robin's August 15, 2011 Emergency Motion to Relocate and Kent's Motion for Return of the Child. (J.A. 6-7.) The order was signed on August 26, 2011, the same day that Kent's Motion was filed.[3] In that Order, the court stated that it had considered the premises of both motions and was "fully advised" as to them. (J.A. 6.) The Order denied Robin's Emergency Motion to Relocate, and directed her to "**immediately** return the minor child to [Kent] failing which, sanctions will be imposed including, but not limited to, a term of imprisonment until [she][4] complies." (J.A. 6.) On September 23, 2011, Robin filed her Notice of Appeal of the August 26, 2011 Order.[5]

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction over appeals from "interlocutory orders of the Superior Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." V.I. CODE ANN. tit. 4 § 33(b)(1).

Here, the September 1, 2010 TRO — by its own terms — ripened into a preliminary injunction on September 15, 2010, when neither party objected to it. Robin sought to modify that injunction when she filed her August 15, 2011 Emergency Motion. Specifically, she recognized that the injunction prevented either party from changing the child's "place of abode" or his school without the consent either of the other party or of the court. (J.A. 259.) Clearly, then, the August 15, 2011 Emergency Motion

---

[3] The August 26, 2011 Order was both signed and entered on August 26, 2011.

[4] The original order stated that the "Respondent" must comply, but this was corrected to read "Petitioner" in an Amended Order issued on December 20, 2011, *nunc pro tunc* to August 26, 2011.

[5] It should be noted that Kent failed to timely file a response brief in this Court. The Court considered Kent's Motion for Leave to File Out of Time, but in an Order dated January 10, 2012, it found that the reasons proffered by Kent for the late filing were insufficient, and therefore refused to accept the response brief. The Court did, however, accept Kent's Supplemental Appendix.

constituted a request to modify an injunction, and the August 26, 2011 Order served as a denial of that modification request. For these reasons, it falls within the category of appealable interlocutory orders specified in section 33(b) of title 4.[6]

When considering the denial of a request to modify a preliminary injunction, this Court will "review legal issues de novo, factual findings for clear error, and the ultimate decision . . . to deny modification for abuse of discretion." *Neo Gen Screening, Inc. v. TeleChem Int'l., Inc.*, 69 Fed. Appx. 550, 553 (3d Cir. 2003); *see also In re Najawicz*, 52 V.I. 311, 327-28 (V.I. 2009) (reciting the standard for review of a grant or denial of a preliminary injunction).

## B. Trial Court's Failure to Make Findings of Fact

Robin argues that the trial court's failure to hold an evidentiary hearing or make any findings of fact in support of its decision to deny her Motion

---

[6] Of course, not every interlocutory order styled as an injunction is appealable. Litigants must be aware of this Court's adoption of the Third Circuit's three-prong test for determining whether an injunction is appealable. *Enrietto v. Rogers Townsend & Thomas, P.C.*, 49 V.I. 311, 316 (V.I. 2007) (citing *Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989)). Consequently, it is doubtful whether general, status-quo *pendente lite* custody orders issued during divorce proceedings are themselves appealable. This conclusion is consistent with the concern that the right to appeal injunctions not be expanded to the extent that it "swallow[s] the final judgment rule." *Hershey Foods Corp. v. Hershey Creamery Co.*, 945 F.2d 1272, 1276 (3d Cir. 1991). Neither judicial economy nor the interests of the children would be served by a rule that permitted appeals from every *status quo* order from the Family Division; such a rule would undoubtedly protract custody disputes to the detriment of all participants. Indeed, the finding of jurisdiction in this case may not apply to all appeals from denials of request for modifications of injunctions. The particular facts of this case, though, wherein the divorce proceeding has been pending for more than two years without a final adjudication as to custody; where Robin's request to modify or terminate the joint custody arrangement was pending without decision for months; and where there is no reason to believe that a final resolution is imminent, distinguishes it from cases like *Bryant v. People*. 53 V.I. 395 (V.I. 2010). In *Bryant*, we acknowledged that not every injunction is immediately appealable, and we dismissed that appeal for lack of jurisdiction. *Id.* at 398. However, we recognized that the circumstances of that child neglect case involved a comprehensive statutory scheme that provided for adjudicatory hearings to consider the children's custody within ninety days of the initial custody determination, and we held that an interlocutory order after such a hearing would be appealable. We were concerned then, and now, that "blind[] rel[iance] on the final judgment rule" could delay a resolution of the important issues presented "until a significant time has elapsed, perhaps years, during which the parent has been separated from his or her child." *Id.* at 405.

to Modify the Injunction constituted an abuse of discretion, and denied her due process.

### 1. Rule 52 of the Federal Rules of Civil Procedure

■ Robin correctly notes that the August 26, 2011 Order does not provide any findings of fact or any reasoning in support of its decision to deny Robin's Motion to modify the injunction. The Order simply states that a Motion "to relocate" and Opposition were filed. It then states that "[t]he premises considered and the Court being fully advised, it is hereby **ORDERED**" that the motion is denied and that "Petitioner shall **immediately** return the minor child to Respondent, failing which sanctions will be imposed including, but not limited to, a term of imprisonment until the [Petitioner] complies." (J.A. 6.) The order presents no analysis of the arguments offered in support of Robin's motion, nor is any authority cited. Indeed, it is not clear on what evidence the trial court *could* have based its decision, as it never held any hearing. Furthermore, Kent offered no evidence to justify his position, and asserted factual allegations only in a brief, and not in any affidavit. As this Court has recently noted, "unsworn representations of an attorney are not evidence." *Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011).

■ Rule 52(a)(2) of the Federal Rules of Civil Procedure[7] states that, "[i]n granting or refusing an interlocutory injunction, the court must . . . state the findings and conclusions that support its action."[8] FED. R. CIV. P. 52(a)(2). "As many courts have made clear, a full and fair compliance with this requirement is of the highest importance to a proper appellate review of the grant or denial of a preliminary injunction." 9C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE Civil 3d § 2576 (3d ed. 2008).

■ Although it is the better practice for a trial court to provide findings of fact when it denies a request to *modify* an injunction, the explicit terms of Rule 52(a)(2) do not address modification requests, and only pertain to orders denying or granting the injunction itself. Furthermore, there is no

---

[7] In the absence of an inconsistent local law or rule, the Federal Rules of Civil Procedure govern actions in the Superior Court. SUPER. CT. R. 7.

[8] Robin does not explicitly reference Rule 52. However, she does raise the trial court's failure to provide findings of fact, and Rule 52 serves as authority for the requirement that a trial court should generally do so when issuing or denying an injunction.

authority expressly stating that the rule applies to modification requests, and there is some authority to the contrary. In *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1227-28 (1st Cir. 1994), the First Circuit Court of Appeals indicated that if a trial court made adequate findings on the record when it decided to issue an injunction, "it need not restate those findings in order to maintain the injunction." However, there is no indication that the judge in this case made any findings on the record when it issued the initial TRO, nor did it do so when it refused the modification request.

██ Furthermore, the Superior Court's August 26, 2011 Order did not simply deny the request for modification of an injunction; instead, it served as an injunction itself. An injunction is any "court order commanding or preventing an action." BLACK'S LAW DICTIONARY 855 (9th ed. 2009). Here, the trial court ordered Robin to "immediately return" the child to his father. (J.A. 6.) There was no preexisting custody order in place, so the August 26, 2011 Order was not simply a charge to Robin to abide by some previous order; instead, it served as an independent injunction. Therefore, according to Rule 52(a)(2), the Superior Court was required to make findings of fact when it imposed the injunction, and it abused its discretion by failing to do so.

 Even if Rule 52 did not apply, a remand would still be necessary. Appellate courts generally remand cases where the trial court failed to explain its reasoning, even in contexts not involving interlocutory injunctions or otherwise falling within the explicit language of Rule 52(a)(2). *See, e.g., Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1245 (10th Cir. 2001) (addressing *sua sponte* the trial court's failure to provide findings of fact and conclusions of law, because, without them, "appellate review is in general not possible"); *Gurmankin v. Costanzo*, 626 F.2d 1115, 1119 (3d Cir. 1980) (noting that "[m]eaningful appellate review of the exercise of discretion requires consideration of the basis on which the trial court acted"); *see also Dennie v. Swanston*, 51 V.I. 163, 168 n.1 (V.I. 2009) (noting that a trial court's failure to provide sufficient findings of fact on the record frustrates appellate review and "in many cases . . . require[s] a remand"). Therefore, under either paradigm, the trial court abused its discretion by denying Robin's Motion without providing any reasoning and by directing her to "return" the son on pain of contempt without issuing findings of fact. For this reason, we vacate

the order and remand.[9] Because we return the case to the trial court, we need not address in the first instance the question of whether the presumption set forth in title 16, section 109(b) of the Virgin Islands Code applies to preliminary orders issued during the pendency of a divorce.[10]

## CONCLUSION

■ Because the Superior Court failed to state its findings and conclusions when it issued its August 26, 2011 Order, and otherwise failed to provide the reasoning necessary to allow this Court to conduct any meaningful review of the Order, we vacate the August 26, 2011 Order and remand the case for further proceedings consistent with this Opinion.[11]

---

[9] This Court need not address at length the trial court's failure to provide Robin with an opportunity to respond to Kent's Motion before ruling on that Motion. Robin mentions that error in her brief only in passing, (Appellant's Br. 13), in contrast to the numerous times she objects to the denial of *her* motion. However, it is expected that on remand the trial court will provide all the due process protections required by the Fifth and Fourteenth Amendments, including notice and an opportunity to be heard in opposition to Kent's motion. *See, e.g., Chavayez v. Buhler*, S.Ct. Civ. No. 2007-060, 2009 V.I. Supreme LEXIS 26, at *12 (V.I. June 25, 2009). While temporary restraining orders fall within an exception to the general rule requiring notice and an opportunity to be heard, there is no evidence that the August 26, 2011 Order was meant to be a temporary injunction and, if it was, it did not meet the requirements of Rule 65(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 65.

[10] Although we do not reach this issue, the trial court should. When deciding the question, the trial court should consider that, although section 109 applies to final decrees in divorce cases, and not explicitly to interlocutory orders, we have elsewhere emphasized that "the Legislature intends for Virgin Islands courts . . . to resolve custody disputes according to the best interests of the child." *Madir v. Daniel*, 53 V.I. 623, 632 (V.I. 2010). Regardless of the applicability of section 109(b), this command must guide the court's resolution of the motions before it.

[11] A case remand divests this Court of jurisdiction until such time, if it comes to pass, that another Notice of Appeal is filed. *Cf. Hypolite v. People*, 51 V.I. 97, 102-03 (V.I. 2009) (noting that a record remand, unlike a case remand, does not require a party to file a new notice of appeal after the Superior Court has issued its decision).