NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2799
_____

RONALD MARTIN

v.

BANCO POPULAR DE PUERTO RICO,
                                        Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 08-cv-109)
District Judge:  Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2010

Before:   SMITH, CHAGARES and JORDAN, *Circuit Judges*.

(Filed: May 13, 2010)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Appellant Banco Popular De Puerto Rico ("Banco Popular") appeals from an order

of the District Court of the Virgin Islands of the United States granting summary

judgment in favor of Ronald Martin and ordering Banco Popular to specifically perform a

contract for the sale of real property.  For the reasons stated below, we will affirm.

## I. Background

The property at the center of this dispute is a condominium located on the island of St. Thomas. At all times pertinent to this case, Banco Popular held a mortgage on the condominium, which was owned by James L. Reed until July 13, 1995, when Reed died intestate. His estate consisted of the condominium and less than $1,000 in cash. Reed left only one heir, his daughter, Anngia Reed. On March 1, 1996, the Probate Division of the Territorial Court of the Virgin Islands[1] appointed Reed's ex-wife, Helen M. Reed, as the administratrix of the estate.

On March 26, 2003, Anngia and Helen executed a deed in lieu of foreclosure to Banco Popular because the estate lacked sufficient funds to cover the mortgage on the condominium. It is undisputed that Anngia and Helen executed this deed for the purpose of transferring title in the condominium to Banco Popular in full satisfaction of the mortgage.

On September 12, 2003, Banco Popular contracted to sell the condominium to Martin for $38,000. As part of the contract, Banco Popular agreed to deliver "good, marketable and insurable fee simple title to the [condominium] ... by Warranty Deed." (App. at 126.)

The sale was never consummated, however, because Banco Popular asserted that it was uncertain of its ability to comply with its contractual obligation to provide defect-free

---

[1] During the pendency of this case, the Territorial Court became known as the Superior Court.

title. On August 21, 2002, more than six months prior to signing the deed in lieu of foreclosure, Helen Reed had submitted a letter to the Probate Division attempting to resign from her position as administratrix of the estate. There is no indication in the record that the Probate Division ever granted Helen's request.

Banco Popular contends that Helen's letter terminated her responsibilities as administratrix. Thus, no representative of the estate actually joined in the transfer of the condominium to Banco Popular, and the bank believed that the estate retained an interest in the condominium, which impeded it from conveying fee simple title to Martin. Banco Popular advances this as the reason why it has refused to perform its contractual obligations.[2]

On January 24, 2004, in an attempt to resolve the estate's claim to the property, Helen requested that the Probate Division reappoint her as the administratrix of the estate. She also filed two motions seeking approval of the deed in lieu of foreclosure. However, the Probate Division never acted on either her reappointment request or the motions.

In January 2006, Banco Popular notified Martin that it was terminating the contract because the bank believed that it did not own clear title to the condominium, and that, due

---

[2] Banco Popular claims, without citing any evidence, that Martin retained a title insurer but that the insurer refused to issue a title insurance policy due to Helen's purported resignation prior to execution of the deed in lieu of foreclosure. Martin disputes that he was unable to obtain title insurance, and claims that "nothing on the record before either the District Court or this Court indicat[es] that a title company 'declined to insure title to the ... [Condominium].'" (Appellee's Ans. Br. at 16-17.) We are not inclined to credit Banco Popular's unsupported assertions about title insurance.

to the Probate Division's lengthy delay in ruling on Helen's requests, it would not have clear title for the foreseeable future. Martin objected to the termination. On October 4, 2006, the Probate Division entered an order closing administration of the estate and finding that Anngia Reed was the sole owner of the condominium. Martin then filed suit in Superior Court seeking specific performance of the sales contract.

Banco Popular removed the case to the District Court of the Virgin Islands, and that Court ultimately granted summary judgment in favor of Martin. The Court reasoned that, under the law of the Virgin Islands, title to the condominium had vested in Anngia, as Reed's sole heir, at the moment of Reed's death. The Court thus determined that Anngia, in executing the deed in lieu of foreclosure, had transferred fee simple title to Banco Popular. Further, the Court found that insofar as the estate retained any interest in the condominium, that interest had been extinguished by the October 4, 2006 order of the Probate Division. Therefore, because Banco Popular received fee simple title to the condominium via the deed in lieu of foreclosure, and nothing prevented it from passing marketable title to Martin, the District Court ordered specific performance of the sales contract. Banco Popular then filed a timely notice of appeal.

## II.    Discussion[3]

Our review of a District Court's order granting summary judgment is plenary. *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 466 (3rd Cir. 2005). Because we apply the same standard used by the District Court, *id*., we will affirm that Court's order if it appears that there is no genuine issue of material fact and that Martin is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(c). We must give Banco Popular, the non-moving party, "every favorable inference that can be drawn from the record." *Kautz*, 412 F.3d at 466.

Banco Popular argues that the District Court erred in granting summary judgment to Martin for two reasons. First, the bank contends that it never acquired fee simple title to the condominium and therefore was excused from performing its obligations under the contract. Second, it asserts that, even if it had title to the property, that title was, and continues to be, unmarketable.

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and 48 U.S.C. § 1612(a). While Banco Popular agreed to sell the condominum to Martin for $38,000, the amount-in-controversy requirement of § 1332 is satisfied because it is undisputed that the property is worth in excess of $75,000. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) ("Where the plaintiff in a diversity action seeks injunctive or declaratory relief, the amount in controversy ... is determined by the value of the object of the litigation. (internal quotation omitted)). Jurisdiction in this Court is proper under 28 U.S.C. §§ 1291 and 1294.

A.    *Title To The Condominium*

The bank identifies two bases for its argument that it lacks fee simple title to the condominium. First, it asserts that Anngia did not obtain title to the condominium until the Probate Division entered its order on October 4, 2006 declaring her to be the sole owner of the property. Thus, says Banco Popular, the deed in lieu of foreclosure executed in March 2003 was insufficient to convey title because Anngia had not yet acquired the property. That argument fails to apprehend the significance of the October 4 order. The task of a probate court is to adjudicate the interests in a decedent's property as they exist at the moment of death. *Cf.* RESTATEMENT (THIRD) OF PROP.: WILLS AND DONATIVE TRANSFERS § 2.1(b) (1999) ("The decedent's intestate estate ... passes at the decedent's death to the decedent's heirs ... ."). Hence, when the Probate Division adjudicates an interest in estate property, that order is retroactive to the moment of the decedent's passing. When the Probate Division entered the October 4, 2006 order, it was determining who owned the property at the time Reed died on July 13, 1995.[4] Its order had no effect on Anngia's deed to the bank because the Court's order simply made clear that Anngia took ownership of the condominium in July 1995.

---

[4]Banco Popular builds upon its argument that Anngia did not acquire title to the property until October 4, 2006 by invoking the full faith and credit clause of the Constitution. It argues that, if we adopt its construction of the Probate Division's order, we are prohibited by that clause from finding that Anngia received title to the property at an earlier date. However, as the Probate Division's order adjudicated Anngia's rights at the moment that Reed died, the full faith and credit clause poses no obstacle to our holding that Anngia had title to the property at the time she executed the deed in lieu of foreclosure.

Second, the bank contends that, because Helen submitted a letter of resignation in August 2002, the estate is not bound by the deed and retains an interest in the property. Under Virgin Islands law, title to a decedent's property vests in the decedent's heirs at the moment of death, but the administrator retains the right to use the property to satisfy the debts and administrative costs of the estate. *See* V.I. CODE ANN. tit. 15, §§ 311, 428; *see also Gov't of the V.I. v. Certain Parcels of Land in Estate Nisky*, 713 F.2d 53, 57 n.10 (3d Cir. 1983) (acknowledging that "Virgin Islands law recognizes the widely accepted principle of descent providing that all real-property interests pass to the heirs upon the death of the intestate ancestor and can be asserted by those heirs immediately"). The right of the administrator is extinguished when the estate is closed by the Probate Division. V.I. CODE ANN. tit. 15, §§ 311, 428. Thus, from the moment of death until the settlement of the estate, the only individuals with any ownership interest in estate property are the decedent's heirs and the administrator.

That means that, after Reed's death, the only individuals who could have had any interest whatsoever in the condominium were Anngia Reed—Reed's only heir—and Helen Reed, the adminstratrix of Reed's estate. Both Anngia and Helen executed the deed in lieu of foreclosure. Because Reed's sole heir and his administratrix joined the conveyance to Banco Popular, we conclude that the deed in lieu of foreclosure was sufficient to vest fee simple title in the bank.

Banco Popular contends that Helen's signature on the deed was insufficient to convey the estate's interest because she submitted a letter of resignation to the Probate Division before executing the deed. That argument fails, however, because an administrator cannot resign without court approval. *See* V.I. CODE ANN. tit. 15, § 241(a) (providing that administrator resignations do not take effect without court approval). Because nothing in the record indicates that the Probate Division ever responded to Helen's letter of resignation, she remained capable of acting on behalf of the estate at the time she executed the deed to Banco Popular. Accordingly, Banco Popular acquired title in fee simple absolute when Anngia and Helen executed the deed on March 26, 2003.

B.    *Marketability Of Title*

Even though the deed conveyed title, Banco Popular nevertheless argues that it was not required to transfer the condominium to Martin because that title was not marketable. Marketable title is title that can be "held or possessed in peace and quiet," and that is reasonably free from the threat of future litigation. 77 AM. JUR. 2D *Vendor & Purchaser* § 103. There must be no outstanding interest that might endanger the holder's right to continued possession of the property. *Id.* § 105. Title is not marketable if there is a reasonable fear that another entity, such as an estate, retains the right to use or transfer the property. *See Barter v. Palmerton Area Sch. Dist.*, 581 A.2d 652, 654 (Pa. Super. Ct. 1990) (requiring a marketable title to be "free from liens and encumbrances").

According to the bank, Helen's resignation attempt rendered the title unmarketable because it was unclear whether her signature was sufficient to bind the estate. Thus, following execution of the deed, there remained a reasonable possibility that the estate retained an interest in the property. The bank contends that this cloud hovered over the title for so long that it became unable to transfer marketable title to Martin within a reasonable amount of time, leaving it with no option other than to terminate the agreement.

Banco Popular is incorrect. On October 4, 2006, the Probate Division declared that Anngia was sole owner of the condominium and closed administration of the estate. That order conclusively extinguished any interest that the estate retained in any of Reed's property. *See* V.I. CODE ANN., tit. 15, § 311 ("The ... administrator is entitled to the possession and control of the property of the deceased ... *until the administration is completed* ... ." (emphasis added)). Thus, there was no reasonable possibility that the estate would assert an interest in the condominium after October 4, 2006, and the order of the Probate Division dispelled any cloud that remained over the title. Banco Popular therefore acquired marketable title at the time that order was issued. Under these circumstances, the delay between the execution of the contract and Banco Popular's present ability to perform is not so lengthy as to justify the bank's repudiation of the contract.[5]

---

[5]Banco Popular argues that the lengthy delay in resolving the marketability of title absolves it from performing its obligations under the contract. The bank is correct that,

## III. Conclusion

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment in favor of Martin and ordering Banco Popular to specifically perform the Sales Contract.

---

absent a specified time for performance, contracts must be carried out within a reasonable time. *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 284 (3d Cir. 2000) ("[W]here no time is fixed for the performance of a contract, by implication a reasonable time was intended." (citation omitted)). In some cases, delay to the extent present in this matter may qualify as unreasonable, thereby excusing performance. However, in this particular case, the delay is due largely to Banco Popular's decision to claim concern over marketable title as a basis for refusing to close, and that delay was exacerbated by the Probate Division's not addressing Helen's motions to approve the transfer of the condominium to the bank. At present, both the bank and Martin remain capable of performing the contract, and Martin still desires to receive title to the condominium. We therefore conclude that the delay between the execution of the contract and Banco Popular's present ability to perform is not so lengthy as to justify the bank's repudiation of the contract.