IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
August 27, 2025 11:42 AM
ST-2025-CV-00292
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| CAPTAIN'S COMMAND AT BLUEBEARD'S BEACH CLUB INTERVAL OWNERSHIP CONDO. ASSOC., INC. | ) ) ) ) | CASE NO. ST-2025-CV-00292 |
| | ) ) ) | ACTION FOR DEBT, FORECLOSURE OF LIEN, AND BREACH OF CONTRACT |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TERRI SEVENE CAPPUCCI, MICHAEL SEVENE, JAMES C. SEVENE, JR., and "JOHN DOE" being all unknown heirs, successors, and assigns of Barbara L. Sevene claiming a right, title, lien, estate or interest in Week Number 10 in Villa Unit Number 225 in Captain's Command at Bluebeard's Beach Club, an Interval Ownership Condominium, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**2025 VI Super 32U**[1]

RICHARD H. DOLLISON, ESQUIRE
LAW OFFICES OF RICHARD H. DOLLISOIN, P.C.
St. Thomas, VI
*Counsel for Plaintiff, Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc., Inc.*

**MEMORANDUM OPINION AND ORDER**

---

[1] The present opinion has been designated unpublished for several reasons. There is little binding precedent from the Virgin Islands Supreme Court addressing what efforts in fact constitute "Due Diligence." There is also a lack of precedent addressing whether service by a disinterested person constitutes a requirement the violation of which is a fundamental error rendering any default judgment void (or whether such error is merely voidable upon a party's motion). Further, due to the procedural posture, there is no opposing party, which leaves the Court without the benefit of briefing from opposing viewpoints and the accompanying explication of the law. While no single decision of a Judge of the Superior Court is binding upon another judge, stare decisis dictates that the same judge follow prior precedent when presented with materially indistinguishable facts. However, this Court is hesitant to bind itself with its own precedent without the benefit of the sort of complete briefing that occurs when there are opposing parties.

2025 VI Super 32U

¶1      **THIS MATTER** is before the Court on Plaintiff, Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc., Inc.'s ("Captain's Command"), August 23, 2025 "Motion for Service by Publication," in which it seeks leave to serve Defendant "John Doe," a fictious name representing all heirs, successors, and assigns of Barabar L. Sevene, by constructive service of process through publication, and documents submitted in support thereof.  Plaintiff asserts that the necessary prerequisites of section 112 of title 5 of the Virgin Islands Code have been met.  The Court, having reviewed what Plaintiff submitted in support, finds that Plaintiff has failed to make a prima facie showing of "Due Diligence" in its efforts to give actual and legal notice to Defendants, as required by the statute.  For the reasons explained below, ruling on the motion is deferred.  Plaintiff has 60 days to submit proof of death of James Sevene, Sr. and Barbara L. Sevene.  Further, Plaintiff must either submit corrected proof establishing Due Diligence or to take such actions that establish Plaintiff made a duly diligent effort to identify known heirs (including what investigative efforts were made to identify heirs) and give both actual and legal notice to them.

**BACKGROUND**

¶2      On August 20, 2025, Plaintiff commenced this action[2] against Terri Sevene Cappucci ("Terri"), Michael Sevene ("Michael"), James C. Sevene, Jr. ("James") and John Doe (representing any unknown heir of Barbara L. Sevene).  In the Complaint, which was not verified,[3] it is alleged

_____

[2] V.I.R. Civ. P. 3 (action commenced with filing complaint).

[3] Compl., p.1.  While not required, it would have been best practice for Plaintiff to have submitted a verified complaint, as a verified complaint also functions as an affidavit to factual matters therein within the verifying plaintiff's knowledge, including declarations upon information and belief. *Revock v. Cowpet Bay*, 853 F.3d 96, 100 n.1 (3d Cir. 2017).  Proof of service requires a plaintiff to submit prima facie evidence of legal notice to the Defendants; this requires factual statements under oath, affirmation, or penalty of perjury. *See Skepple v. Bank of N.S.*, 69 V.I. 700, 726, 730-31 (V.I. 2017); *Henry v. Dennery*, 55 V.I. 986, *5 (V.I. 2011) (unsworn statements of counsel are not

2025 VI Super 32U

that Barbara L. and James C. Sevene, Sr., were parties to an executed contract for the transfer of real property, i.e., a deed, giving them an interest in a timeshare.[4] In accordance with this deed, the Sevene's took title to the timeshare as tenants by the entirety.[5]

**¶3** Subsequent to this purchase, James Sr. passed away,[6] but no certified death certificate or affidavit is provided in support of this unsworn statement. If Barbara and James Sr. were still married at the time of his death, then Barabara became the sole title holder of the timeshare.[7] It is also alleged, with no factual support, that Barabara passed away after James Sr.'s passing; and Terri, Michael, and James were her heirs at law.[8] Under Plaintiff's organizing documents, certain assessments are made against the owners; and Defendants have failed to pay those assessments.[9] Plaintiff has recorded a lien for the amounts past due and seeks to foreclose that lien.[10]

**¶4** It is alleged that Terri, Michael, and James are residents of Massachusetts in the city of Turner Falls.[11] There are no allegations or exhibits establishing that a probate has been opened for the estate of Barbara. No death certificates have been filed, and no proof of their recording has been submitted to establish that notice of such deaths have been recorded as public records.[12]

---

evidence); *see generally* V.I.R. Civ. P. 84 (allowing statements under penalty of perjury). While facts relating to any given defendant's residence, domicile, and other matters relating to service of process and personal jurisdiction (e.g., facts establishing minimum contacts, etc.) can be included in any affidavit, submitting a verified complaint from the outset makes such facts a part of the record evidence establishing prima facie proof of service of process, etc. Because an unverified complaint contains mere allegations, any facts alleged therein cannot serve as prima facie evidence in support of service of process.

[4] Compl. ¶2.
[5] Compl. ¶4
[6] Compl. ¶5
[7] Compl. ¶5
[8] *Id.*
[9] Compl. ¶6-7.
[10] *Id.* ¶10-13.
[11] *Id.* ¶4.
[12] While such analysis is beyond the scope of this opinion, Virgin Islands Rule of Civil Procedure 25 addresses actions to be taken when a party passes away. Also, there are probate proceedings that can be filed by a creditor of a decedent

2025 VI Super 32U

**¶5**  On August 21, 2025, the Clerk of Court issued summons to be served upon Defendants Terri, Michael, and James.[13]  Plaintiff, on August 23, 2025, filed its Motion for Service by Publication seeking leave to serve the John Doe unknown heirs by publication.

**¶6**  Plaintiff has not submitted any reports indicating what results its investigation has turned up when seeking to identify the heirs of James Sr. and Barabara.  Further, no affidavit has been submitted providing a factual basis to conclude who the heirs of Barabara are.  Plaintiff's request does not specify which newspaper or newspapers in which locality or localities such constructive service would be had.[14]

**¶7**  Plaintiff seeks authorization for constructive service in order to serve the John Doe unknown heirs by publication in a newspaper of general circulation pursuant to section 112 of Title 5 of the Virgin Islands Code and Virgin Islands Rules of Civil Procedure 4 and 4-1.[15]  Plaintiff asserts that it has demonstrated Due Diligence[16] in its effort to provide legal notice to John Doe but has failed to achieve either personal or substitute service of process justifying employing constructive service by publication.[17]

---

to foreclose on a mortgaged property.  At a minimum, these rules and statutes provide some guidance as to what evidence could be submitted to provide evidence of the deaths of the record title holders.

[13] Docket, Nos. 7-9, August 21, 2025.

[14] The Court notes that the proposed order implies that publication is sought in the Virgin Islands.  In the future, any motion should specify the jurisdiction in which publication is proposed.  Counsel should also take note that, as discussed below, Due Diligence requires prima facie proof of a genuine desire to give both actual and legal notice. Depending on the facts in each case, publication may be necessary in both the Virgin Islands and one or more other jurisdiction to establish Due Diligence.

[15] Mot. for Serv. by Pub., p. 6.

[16] *Skepple*, 69 V.I. at 739-43 (discussing Due Diligence, also referred to as "reasonable diligence").

[17] Mot. for Serv. by Pub., ¶6.

2025 VI Super 32U

**ANALYSIS**

**¶8**     Because the ultimate goal of service by publication is to move the litigation toward entry of default and, ultimately, default judgment if/when Defendants fail to answer or otherwise defend,[18] the Court must ensure that the proper foundation for a valid "Final Judgment"[19] has been laid.[20] There are four requirements to a valid judgment: (1) subject matter jurisdiction, (2) personal jurisdiction, (3) a judgment limited to issues and relief sought in the pleading, and (4) compliance generally with due process (or said differently, the judgment is not otherwise void for lack of due process).[21] At this stage in the litigation, only the first two requirements are relevant.

---

[18] While this is not a foregone result, as the Defendants could ultimately receive legal notice and respond, courts are not in the business of issuing void judgments. *Id.* at 732 ("If the trial court never obtained personal jurisdiction over [the defendant], any default judgment issued pursuant to entry of default] is void and must be set aside as a matter of law; said differently, **the trial court lacks discretion to decline to set aside a judgment that is void.**" (emphasis added) (citing *Ernest v. Morris*, 64 V.I. 627, 638-39 (V.I. 2016))). As such, it is the best practice to examine whether there is subject matter jurisdiction and prima facie proof of service of process at the outset thereby avoiding future collateral attacks on any default judgment that may be entered. This approach is supported by the Virgin Islands Supreme Court's holding in *Skepple*, 69 V.I. at 733 (reviewing the record to determine whether prima facie proof of service failed on the face of the record and holding that courts lack discretion to deny a request to vacate a void judgment).

[19] *Id.* at 714 & n.5 ("A 'Final Order' ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. The entry of a Final Order implicitly denies all pending motions, and all prior interlocutory orders merge with the Final Order." (citing *Simpson v. Bd. of Dirs. of Sapphire Bay Condo. W.*, 62 V.I. 728, 731 (V.I. 2015); *Ramirez v. People*, 56 V.I. 409, 416 (V.I. 2012) and citations in footnote)); *see generally Penn v. Mosley*, 67 V.I. 879, 891 n.4 (V.I. 2017) (discussing the distinctions between a judgment, order, and decree); *Miller v. Sorenson*, 67 V.I. 861, 871-72 (V.I. 2017) (same); *Gov't of the V.I. v. Crooke*, 54 V.I. 237, 249-52 (V.I. 2010) (adopting Collateral Order rule for establishing a Final Judgment); *e.g.*, *Demming v. Demming*, 66 V.I. 502, 506 (V.I. 2017) (holding that a divorce decree is a final judgment); *Cianci v. Chaput*, 68 V.I. 682, 688 (V.I. 2016) (quoting *Matter of Estate of George*, 59 V.I. 913, 919 (V.I. 2013) ); *Williams v. People*, 58 V.I. 341, 347-48 (V.I. 2013) (holding that a stay of execution of judgment does not render an order non-final).

[20] *See Id.* at 724 ("'[I]n all instances the jurisdiction of the court rendering the judgment may be inquired into, and . . . allow the defendant to show that the court had no jurisdiction over his person.' Therefore, even though [a defendant] has waived this argument, [the Court] must consider whether the default judgment was entered without the trial court having first obtained personal jurisdiction over [the defendant] because the issuance of a judgment by a court that has not obtained personal jurisdiction over a defendant is not a valid exercise of judicial power, and the judgment is premised on a fundamental error." (quoting *Thompson v. Whitman*, 85 U.S. (18 Wall.) 457, 463 (1874), and citing *Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 139 (1912))); *id.* at 722 ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (citations omitted)).

[21] *Id.* at 718; *see also Reynolds v. Stockton*, 140 U.S. 254, 268 (1891).

## I.    Subject Matter Jurisdiction

¶9      This Court is obligated to ensure that it has subject matter jurisdiction, as the parties to a case cannot stipulate to the law;[22] and every Court has the obligation to ensure it is only acting within its granted authority.[23] Section 76 of title 4 of the Virgin Islands Code provides that the Superior Court is a court of "general jurisdiction."[24] When the Legislature uses legal terminology, it is presumed the Legislature understood and intended to incorporate any existing meaning and presumptions, as Legislatures are presumed to know the law as it exists and legislate with that

---

[22] *Davis v. People*, 78 V.I. 624, 638 (V.I. 2023) ("This Court has repeatedly cautioned that parties may not, through explicit agreement or implicitly by omission, stipulate to the law; and thus, the Superior Court possesses an obligation to apply the law correctly and not blindly follow the erroneous interpretations proffered by the parties." (internal quotations and alterations omitted) (citing *Simmonds v. People*, 59 V.I. 480, 493 (V.I. 2013); *Heywood v. People*, 63 V.I. 846, 855 (V.I. 2015))); *Henry v. Dennery*, No. S.CT.CIV. 2012-0130, 2013 WL 206128, at *2 (V.I. Jan. 11, 2013) (unpublished))).

[23] *Brunn v. Dowdye*, 59 V.I. 899, 904 (2013) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute. [If] the pertinent [statutory] provisions . . . are jurisdictional, the Superior Court correctly questioned whether the statute's requirements were satisfied." (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.,* 50 V.I. 276, 279 (V.I. 2008))).

[24] *Evans-Freke v. Evans-Freke*, 75 V.I. 407, 450–51 (V.I. 2021) (Swan, J., Concurring) ("[W]hen the Legislature chose to divest the District Court of subject matter jurisdiction over matters arising under Virgin Islands law, the Superior Court became the only trial court of record with general civil jurisdiction (including Divorce Jurisdiction), and all the common law presumptions and burdens became applicable."); *see* 4 V.I.C. §§ 76(a); 2(a)

knowledge in mind.[25]   Courts of general jurisdiction are presumed to have subject matter

jurisdiction over any matter before them.[26]

¶11     There are certain exceptions to this presumption and laws that would, under specific

conditions, require the Court to refrain from acting.  For example, a federal bankruptcy stay does

not divest a court of subject matter jurisdiction but does render void any action by a court while

the stay is pending.[27]   The record does not facially and obviously reflect any facts giving rise to

---

[25] *E.g.*, *Alexander v. Wilson*, 73 V.I. 528, 535 (V.I. 2020) (Plaintiff "was not required to preemptively plead in his initial complaint any facts in anticipation of the defendants asserting non-compliance with the VITCA.  [I]t is well-established that a court of general jurisdiction is presumed to possess subject-matter jurisdiction . . . ." (citation omitted)); *see Greer v. People*, 74 V.I. 556, 583 (2021) ("[A] codification of a common law crime is presumed to incorporate the substance of the common law." (citing *Wallace v. People,* 71 V.I. 704, 763 (V.I. 2019) (Swan, J., concurring); *United States v. Wells,* 519 U.S. 482, 491 (1997); *United States v. United States Gypsum Co.,* 438 U.S. 422, 436 (1978); *Morisette v. United States,* 342 U.S. 246, 251-52 (1952))); *Baumann v. Pub. Emps. Relations Bd.,* 68 V.I. 304, 339 (V.I. Super. 2018); *State v. Pike,* 49 N.H. 399, 406 (N.H. 1870); *Mayo v. Wilson,* 1 N.H 53, 55 (N.H. 1817); *Thurber v. Blackbourne,* 1 N.H. 242, 245 (N.H 1818))); *Richards v. Pub. Emps. Rels. Bd.,* 2024 VI 37, ¶ 23 ("When enacting a statute, the Legislature is presumed to know the existing state of the law." (alterations and internal quotations omitted) (citing *People v. Looby,* 68 V.I. 683, 696 (V.I. 2018); *Cascen v. People,* 60 V.I. 392, 404 (V.I. 2014)); *Brooks v. Gov't of the V.I.,* 58 V.I. 417, 428 (V.I. 2013); *Henderson v. Shinseki,* 562 U.S. 428,435 (2011))); *Cascen,* 60 V.I. at 404-05 (observing that the Legislature "is presumed to know the common law [in existence] before ... [a] statute was enacted" and that because it is also presumed that "statutes are consistent with the common law," courts will "not presume that the Legislature intends to abrogate or modify a common law rule except to the extent expressly declared or clearly indicated" in a statute); *Davis v. People*, S. Ct. Crim. No. 2015-0061, 2015 WL 9255384, at *3 (V.I. Dec. 16, 2015) (unpublished) (legislatures are presumed to know long-standing procedures and practices); *Evans-Freke*, 75 V.I.at 445 (Swan, J., Concurring) ("Lastly, regarding consideration of context, legislatures are presumed to know the common law of the United States and to have incorporated it in all its relevant aspects into any statutory codification of the common law." (citing *Greer*, 74 V.I. at 582 nn.26-27*; United States v. Arredondo*, 31 U.S. (6 Pet.) 691, 743 (1832))); *Baumann,* 68 V.I. at 339 (observing that it is "presumed that the Legislature enacts statutes with knowledge of the common law and court decisions" addressing a subject (citations omitted)).

[26] *Id.*, *see also Willis v. People*, 71 V.I. 789, 818 (V.I. 2019) (Swan, J., concurring) ("[T]here are certain presumptions that apply with regards to challenges to the trial court's jurisdiction.  Courts of general jurisdiction are presumed to have jurisdiction over both the cause of action and the parties, which by extension includes a presumption that process was served correctly.  This presumption is dispositive absent contradiction in the record or contradiction by extrinsic evidence." (citing *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *Hanley v. Donoghue*, 116 U.S. 1, 5 (1885); *Cooper v. Reynolds*, 77 U.S. (10 Wall.) 308, 316 (1870))).

[27] *Cianci v. Chaput*, 64 V.I. 682, 687–88 (V.I. 2016) ("'Congress, in enacting 11 U.S.C. § 362(a) and its predecessor statute, did not divest state and territorial courts of jurisdiction over proceedings against those who have sought bankruptcy protection in federal court.'" (quoting *Brouillard v. DLJ Mortg. Capital, Inc.*, 60 V.I. 763, 765 (V.I. 2014) (collecting cases))).

2025 VI Super 32U

such an exception to this Court's general jurisdiction[28] or that would otherwise require the Court to refrain from acting. Further, there is nothing of public record that the Court is aware that might have divested subject matter jurisdiction or otherwise required the Court to refrain from addressing this matter. In the absence of an opposing party raising any specific challenge, the Court is satisfied that it is acting within its general jurisdiction.

## II. Service of Process[29]

¶12 "Due process protects the individual from coercion 'except by lawful judicial power.'"[30] "Because a court cannot have jurisdiction over a defendant unless that defendant . . . had legal notice, when the validity of a default judgment is being challenged, the first line of inquiry should be to ask 'whether the court in which the judgment by default was taken, ever had jurisdiction as to the defendant, so as to warrant the judgment entered against him by default'; 'no person can be bound by a judgment, or any proceeding conducive thereto, to which he never was party or privy; that no person can be in default with respect to that which it never was incumbent upon him to fulfill.'"[31] Such "[a] violation of due process rights will render a judgment void, and that judgment 'can have no force as to one on whom there has been no **service of process**, actual or constructive,

---

[28] *Cf. Alexander*, 73 V.I. at 535 (In the Superior Court, a Plaintiff "need not plead jurisdictional facts until jurisdiction is properly drawn into question." (citation omitted)).

[29] In *Skepple*, the V.I. Supreme Court established that there are four aspects to a court's valid exercise of personal jurisdiction, process, service of process, statutory minimum contacts, and constitutional minimum contacts. 69 V.I. at 732 ("If the Superior Court is properly presented with **a challenge to personal jurisdiction**, whether **it is a challenge to constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service**, the court must hold an evidentiary hearing to resolve any factual dispute between the prima facie evidence contained in the affidavit of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge." (emphasis added) (citations omitted)). The present matter concerns only the service of process aspect of personal jurisdiction.

[30] *Id.* at 724 (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011)).

[31] *Id.* at 729 (quoting *Harris v. Hardeman*, 55 U.S. (14 How.) 334, 339 (1853), and citing *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009)).

who has had no day in court, and no notice of any proceeding against him. That with respect to such a person, such judgment is absolutely void; he is no party to it and can no more be regarded as a party than can any and every other member of the community.'"[32]

¶**13** Absent waiver or consent, legal notice is achieved only through an authorized[33] method of service of process.[34] Service of process must be made by a "disinterested" non-party who is 18 years old or older.[35] "An affidavit is competent evidence to establish service, i.e., legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is prima facie evidence giving rise to a rebuttable presumption of valid service providing legal notice. In cases involving constructive service, the proof of service must contain those facts establishing strict compliance with such statute or court rule."[36]

¶**14** It should be noted that, a failure to adequately prove service is not the same as a failure of service of process; and a failure to prove service does not render legal notice void.[37] Additionally,

---

[32] *Id.* at 718 (quoting *Harris*, 55 U.S. at 339 (emphasis added)).

[33] The Court notes that, in *Skepple*, the V.I. Supreme Court recognized that there are instances when service by a method authorized by statute cannot be achieved (whether due to jurisdictional/legal barriers or a defendant's efforts to avoid service) requiring use of what could be described as service by necessity. *See generally* 69 V.I. at 734 & n.27 (citing *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009); *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956) (finding that service is effective when the server "pitched the papers through a hole in the screen door of [defendant's] apartment")). Consideration of the full scope of an "authorized" method of service is not within the subject of this opinion.

[34] *Id.* at 726 ("[U]nless a defendant has waived service, the defendant must either have consented to the particular method of service utilized or be served with process by a method that is authorized by law." (citing *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 580 n.4 (V.I. 2012))); *see generally id.* at 726-27 & nn.15-16 (citing *Wuchter v. Pizzutti*, 276 U.S. 13, 24 (1928); *Shriver Junior's Lessee v. Lynn*, 43 U.S. (2 How.) 43, 60 (1844)).

[35] V.I.R. Civ. P. 4(c)(1); 4 V.I.C. § 82(d) (must be served by "disinterested person").

[36] *Skepple*, 69 V.I. at 730-31 (citing 5 V.I.C. §§ 698, 696(a)(1), 4911(b); *Molloy v. Independence Blue Cross*, 56 V.I. 155, 172-73 (V.I. 2012); *Gore v. Tilden*, 50 V.I. 50, 236 (V.I. 2008); *Spencer v. Navarro*, Civ. No. 2007–69, 2009 WL 1078144, at *3 (V.I. Apr. 8, 2009) (unpublished); *Thomas v. Bonanno*, Civil No. 2013–06, 2013 WL 3958772, at *6 (D.V.I. 2013) (unpublished)).

[37] V.I.R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service."); *see Daley-Jeffers v. Graham*, 69 V.I. 931, 940–41 (2018) ("Finally, this Court holds that the Superior Court's dismissal of Daley-Jeffers' claim for insufficient service of process amounted to an abuse of discretion. Daley-Jeffers' motion and exhibits filed in response to Graham's motion to dismiss for insufficient service of process clearly evidenced that she timely remedied her

2025 VI Super 32U

invalid attempts at service do not undermine prior or subsequent valid service.[38]  As such, a party

should generally be given the opportunity to submit corrected proof of service, making denial of

an unopposed motion for constructive service (or for entry of default) without prejudice the result

most likely to be appropriate.[39]  The Court will, therefore, strictly analyze the record and determine

whether the proof of service submitted establishes prima facie proof of Due Diligence.

### A.  Foreclosure Upon a Mortgage of a Decedent

¶15    Because Due Process requires notice and an opportunity to be heard before ownership

interests are terminated,[40] foreclosing upon a decedent's estate gives rise to potential challenges to

---

initially deficient service."  The failure to provide such proof to the Court previously was a failure of proof of service.).
"If the Superior Court is . . . presented with a challenge to personal jurisdiction, whether it is a challenge to
constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service, the court must
hold an evidentiary hearing to resolve any factual dispute between the prima facie evidence contained in the affidavit
of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as
disputed by the party presenting the challenge. A failure to hold an evidentiary hearing is an abuse of discretion."
*Skepple*, 69 V.I. at 732 (citations omitted).  However, where there is no factual dispute and the record plainly discloses
a lack of proof of service of process, the Court is obligated to evaluate the record to determine whether service was
adequate. *Id.*

[38] *Daley-Jeffers*, 69 V.I. at 940–41 (Plaintiff "timely remedied [their] initially deficient service.").

[39] It is possible that extreme situations may arise where a plaintiff engages in extreme delay without informing the
court of efforts to serve process or repeatedly fails to complete service of process that may warrant dismissal with
prejudice.  However, no such facts are presented here.  *See generally Beachside Assocs., LLC v. Fishman*, 53 V.I. 700,
713-16 (2010) ("Therefore, because Beachside failed to provide the trial court with some reasonable basis for its
failure to serve Fishman within the time specified by FRCP 4(m), we hold that the trial court did not abuse its discretion
in finding in its October 14, 2008 Order that Beachside had not established good cause for an extension under FRCP
4(m).").

[40] *See generally Matrix Fin. Servs. Corp. v. Audain*, No. 1:16-CV-00066-WAL-EAH, 2022 WL 20471404, at \*4 (D.V.I.
Dec. 1, 2022), report and recommendation adopted, No. CV 2016-0066, 2023 WL 4418238 (D.V.I. July 10, 2023),
judgment entered, No. CV 2016-0066, 2023 WL 4417535 (D.V.I. July 10, 2023) ("'Virgin Islands law recognizes the
widely accepted principle of descent providing that all real-property interests pass to the heirs upon the death of the
intestate ancestor and can be asserted by those heirs immediately.'  Stated differently, under Virgin Islands law, 'heirs-
at-law succeed to real property of an intestate by operation of law, without the necessity of a formal administration of
the estate.'  Thus . . . the Property vested in the heirs of [the decedent] upon his death.  Where real property secures a
loan, the heirs take the property subject to the mortgage thereon.  Thus, '[h]eirs are liable to an action by a creditor of
a deceased person to recover the debt of their ancestor ... to the extent of the value of any real property inherited by .
. . them [and] . . . *all the heirs who are liable shall be made parties to the action.*'" (quoting 15 V.I.C. § 645 (emphasis
and alterations in original); *Gov't of the V.I. v. Certain Parcels of Land in Estate Nisky,* 713 F.2d 53, 57 n.10 (3d Cir.
1983), and citing M*artin v. Banco Popular de P.R.*, 379 Fed. Appx. 185, 188 (3d Cir. 2010) ("Under Virgin Islands
law, title to a decedent's property vests in the decedent's heirs at the moment of death."); *Martin v*, 2009 WL 1421274,
at \*5, aff'd, 379 Fed. Appx. 185 (3d Cir. 2010) ("'Virgin Islands law provides that heirs-at-law succeed to real property

any judgment of foreclosure that may be obtained. As such, certain best practices have arisen to prevent future issues and expense in this regard. One such practice has been to name unknown heirs and unknown persons having any interest in a mortgaged property, either as a group or as individual "John Does," and then serving the heirs unknown by publication to demonstrate an actual intent to give actual and legal notice to anyone with an interest in the affected property.[41]

¶16 This practice has been utilized with fair frequency, but there is no opinion addressing what evidence must be submitted to make a prima facie case of Due Diligence in compliance with Section 112 of title 5 of the Virgin Islands Code when service is being made upon unknown heirs.

---

of an intestate by operation of law, without the necessity of a formal administration of the estate.' Indeed, 'Virgin Islands law recognizes the widely accepted principle of descent providing that all real-property interests pass to the heirs upon the death of the intestate ancestor and can be asserted by those heirs immediately.'" (quoting *Certain Parcels of Land in Estate Nisky,* 713 F.2d at 57 & n.10, and citing *Matter of Chenoweth,* 3 F.3d 1111 (7th Cir.1993); V.I. Code Ann. tit. 15, § 428; Restatement (Third) of Property § 2.1 cmt. d (1999))); *Bank of N.S. v. Dore*, 57 V.I. 105, 116 (V.I. Super. Ct. 2012) (explaining "in the Virgin Islands, real property passes from a decedent to his or her heirs immediately upon the passing of the decedent to his or her heirs, even without an administration of decedent's estate"); *Estate of Todman*, 48 V.I. 166, 174-75 (V.I. Super. Ct. 2006) ("[T]he right to possession of an intestate's property and the right of an heir to receive property by intestate succession accrues immediately upon the death of the ancestor, subject only to the control of the court for purposes of administering the estate, including the payment of claims against the estate. Additionally, a statutory distributee acquires a vested interest in decedent's net estate on the date of decedent's death, and not on the date of distribution or determination of the estate's proceeds. Importantly, probate proceedings merely affect beneficiaries' right to enjoy possession of the estate; they have no effect on vesting of the estate. Therefore, passage of title of decedent's property to the heirs does not require settlement of the estate or a probate order declaring heirship. Virgin Islands law recognizes this widely accepted and established rule that real property interests pass to the heirs immediately upon the death of the intestate ancestor and can be asserted by those heirs immediately. Virgin Islands law further provides that heirs-at-law succeed to real property of an intestate by operation of law, without the necessity of a formal administration of the estate. Even under Danish law, which formerly controlled in the Virgin Islands, '[o]ne [had] a vested right in property to which he succeed[ed] under the law of descent and distribution immediately on the death of the ancestor.' Consequently, in the Virgin Islands, real property vests in the heirs immediately upon the death of the ancestor." (quoting *Estate of Wright,* 207 F. Supp. 912, 914 (D.V.I. 1962), and citing *Mischke v. Mischke,* 253 Neb. 439, 571 N.W.2d 248 (Neb.1997); Certain Parcels of Land in Estate Nisky, 713 F.2d at 57; *Rhymer v. Gov't of the V.I.,* 176 F. Supp. 338 (D.V.I.1959); *Chenoweth,* 3 F.3d at1113; *United States v. Comparato,* 850 F. Supp. 153, 157 (E.D.N.Y.1993); 23 Am.Jur.2d Descent and Distribution § 14 (2002))).

[41] *See generally, e.g.*, *The Irish Jester Revocable Trust v. Domain, LLC, Estate of Yolman, Johah Yolman, Alycia Yolman and "John and Jane does 1-5, as Unknown Heirs*, Case No. ST-2022-CV-00003, April 5, 2022 Order, p. 1 ("However, in the absence of conclusive information that there are no other heirs Plaintiff has elected to identify and serve all unknown heirs as John and Jane Does 1-5 who can only be served by publication.") (available on public docket, https://usvicms.vicourts.org/).

2025 VI Super 32U

Most certainly, the Court must be concerned that this practice is not being employed to avoid personally serving some (or all) of a decedent's heirs.

¶17     Indeed, "[d]ue process dictates that a plaintiff expends 'reasonably diligent efforts' to identify and serve 'reasonably ascertainable parties' whose interests in the lawsuit are not merely conjectural,"[42] and "an assessment of [Du]e [D]iligence must be made from a practical standpoint and in a commonsense manner, without rigid adherence to any mechanical formula."[43]  This raises the question of what factual content must be submitted (either by affidavit or declaration under penalty of perjury) in order to prima facie establish that a duly diligent search for any and all potential heirs has been made and that those named in the matter are most likely the only people with any potential interest that would be affected by the outcome of the case.  Essentially, the Court must assure itself that this best practice is not being used as a tool to deny an opportunity to be heard to any person with an interest in a property subject to a foreclosure action.

¶18     The absence of evidence to support the conclusion that James Sr. predeceased Barbara and that she survived him as a tenant by the entirety and the further absence of proof that Terri, Michael, and James are the only heirs, preclude the Court from concluding that Plaintiff has engaged in a duly diligent effort to identify potential heirs and give them actual and legal notice.  While attempted personal service on unknown people is not necessary, a Plaintiff must provide enough evidence to satisfy the Court that it actually desired to identify and give notice to those that exist.[44]

---

[42] *Skepple*, 69 V.I.at 739 (citations omitted).
[43] *Id.* at 740 (citations omitted).
[44] *Id.* at 728-29 ("In order for legal notice to comply with the requirements of due process and support the exercise of personal jurisdiction over a defendant at the outset of a lawsuit—considering the totality of the circumstances—the notice must be reasonably calculated to apprise the interested party of the pendency of the case and afford the party a genuine opportunity to present the party's objections, such that the notice must reasonably convey all required information and likewise afford a reasonable time for the party to make an appearance and present such objections.

While it appears all other prerequisites necessary for approval of service by publication upon unknown heirs have been met, a Plaintiff must establish that it is reasonably likely that no actual heirs exist and constructive service is being used to eliminate a potential collateral attack on any final judgment by a truly unknown heir. As the V.I. Supreme Court emphasized in *Skepple*, a Plaintiff must take actions that demonstrate an actual desire to identify existing defendants, their potential service localities, and the specific potential recent addresses at which service could be achieved.

**¶19**     In the absence of public records capable of judicial notice, a Plaintiff submits evidence of service of process and Due Diligence by either affidavit or declaration under penalty of perjury.[45] Plaintiff has failed to submit evidence of the deaths of James Sr. and Barbara and failed to submit evidence of its investigatory efforts to identify the names and locations of any heirs.[46] The total absence of proof does not provide sufficient factual support to conclude that Plaintiff made a duly diligent search of known heirs and that constructive service by publication upon "John Doe" is not being used to deprive known heirs of an opportunity to be heard.

---

Additionally, the service must be directed to those people and at those locations known to, and reasonably discoverable by, the plaintiff, such that the efforts at service demonstrate that the plaintiff was "desirous of actually informing the absentee" defendant." (citations omitted)).

[45] "An affidavit is competent evidence to establish service, i.e., legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is prima facie evidence giving rise to a rebuttable presumption of valid service providing legal notice. In cases involving constructive service, the proof of service must contain those facts establishing strict compliance with such statute or court rule." *Skepple*, 69 V.I. at 730-31 (citing 5 V.I.C. §§ 698, 696(a)(1), 4911(b); *Molloy v. Independence Blue Cross*, 56 V.I. 155, 172-73 (V.I. 2012); *Gore v. Tilden*, 50 V.I. 50, 236 (V.I. 2008); *Spencer v. Navarro*, Civ. No. 2007–69, 2009 WL 1078144, at *3 (V.I. Apr. 8, 2009) (unpublished); *Thomas v. Bonanno*, Civil No. 2013–06, 2013 WL 3958772, at *6 (D.V.I. 2013) (unpublished)).

[46] Proof of service requires a plaintiff to submit prima facie evidence of legal notice to the Defendants; this requires factual statements under oath, affirmation, or penalty of perjury. *See Skepple*, 69 V.I. at 726, 730-31; *Henry v. Dennery*, 55 V.I. 986, *5 (V.I. 2011) (unsworn statements of counsel are not evidence); *see generally* V.I.R. Civ. P. 84 (allowing statements under penalty of perjury).

2025 VI Super 32U

¶19    Because a Plaintiff must strictly prove Due Diligence to be granted permission to provide legal notice through constructive service, the present evidence does not establish prima facie proof of Due Diligence.  Because the present record does not establish strict compliance with section 112 of title 5 of the Virgin Islands Code, decision on the present motion is reserved; and Plaintiff is directed to submit evidence of James Sr. and Barbara's deaths and the investigatory efforts to identify known heirs.

**CONCLUSION**

¶20    The attempted proof of service does not constitute evidence of service of process and further fails to provide sufficient evidence to satisfy the requirement of Due Diligence in Plaintiff's efforts to provide service that constitutes both legal and actual notice.  Without evidence of Barbra and James Sr.'s deaths and Plaintiff's investigative efforts to identify known heirs, the Court has no basis to conclude that a duly diligent effort was made to locate and serve the decedents' heirs. Without this evidence, the Court cannot conclude that service by publication is not being used to deprive any known heirs of their right to notice and an opportunity to be heard.  Absent proof of such efforts, there is no evidence that the statutory prerequisites of 5 V.I.C. § 112 have been met; and the method of substitute service provided therein cannot be employed.  Accordingly, it is hereby

**ORDERED** that Plaintiff shall, within 60 days of entry of this order, submit proof of death of James Sevene, Sr. and Barbara L. Sevene; and it is further

**ORDERED** that Plaintiff shall, within 60 days of entry of this order, submit corrected prima facie proof of its efforts to identify known heirs to comply with 5 V.I.C. § 112's requirement

2025 VI Super 32U

that a plaintiff demonstrate an actual intent to give both actual and legal notice to known heirs,

whether by personal or substituted service; and it is further

**ORDERED** that Plaintiff may submit briefing addressing either law or fact or both in

justification of the actions taken in response to this Order; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

Dated: August 27, 2025

_____
Honorable Sigrid M. Tejo
Judge of the V.I. Superior Court

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

**BY:** _____
  **For**  **DONNA D. DONOVAN**
    Court Clerk Supervisor __8_ / _27_ / **2025**